Johnny Paul DODSON *v.* Larry NORRIS, Director,
Arkansas Department of Correction

07-1179                                                    269 S.W.3d 350

Supreme Court of Arkansas
Opinion delivered December 6, 2007

P ER CURIAM. In accordance with section 2(D)(3) of
amendment 80 to the Arkansas Constitution and Rule 6-8
of the Rules of the Supreme Court and Court of Appeals of the State
of Arkansas, Judge William R. Wilson, Jr., of the United States
District Court for the Eastern District of Arkansas filed a motion and
certifying order with our clerk on November 13, 2007. The certify-
ing court requests that we answer one question of Arkansas law that
may be determinative of a cause now pending in the certifying court,
and it appears to the certifying court that there is no controlling
precedent in the decisions of the Arkansas Supreme Court. The law in
question involves whether a motion for belated appeal is a properly
filed application for postconviction relief or other collateral review,
and whether such motion is sufficient to toll the running of the
one-year limitations period for filing federal habeas corpus petitions
under 28 U.S.C. § 2254, even if it is eventually denied.

After a review of the certifying court's analysis and
explanation of the need for this court to answer the question of law
presently pending in that court, we accept certification of the
following question: Whether a motion for belated appeal, as
provided for in Arkansas Criminal Appellate Rule 2(e), of a state
circuit court's order denying relief under Rule 37 of the Arkansas

Rules of Criminal Procedure is a part of the ordinary appellate review procedure under Arkansas law.

This *per curiam* order constitutes notice of our acceptance of the certification of question of law. For purposes of the pending proceeding in the Supreme Court, the following requirements are imposed:

A. Time limits under Rule 4-4 will be calculated from the date of this *per curiam* order accepting certification. The plaintiff in the underlying action, Johnny Paul Dodson, is designated the moving party and will be denoted as the "Petitioner," and his brief is due thirty days from the date of this *per curiam;* the defendant, Larry Norris, Director of the Arkansas Department of Correction, shall be denoted as the "Respondent," and his brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondent's brief is filed.

B. The briefs shall comply with this court's rules as in other cases except for the brief's content. Only the following items required in Rule 4-2(a) shall be included:

(3) Point on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.

(4) Table of authorities.

(6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Rule 4-6 with respect to *amicus curiae* briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and Respondent.

Accepted.